5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jo VANDEWALL, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 93-3099.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1993.
 
 Before NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Jo Vandewall appeals the final order of the Merit Systems Protection Board (Board), No. BN315H900011B1, affirming as modified the initial decision of the administrative judge (AJ) on remand which dismissed Ms. Vandewall's appeal for lack of jurisdiction. We affirm.
 
 
 2
 The Department of Transportation appointed Ms. Vandewall as an auditor in its Office of Inspector General on October 11, 1988. In September 1989, Ms. Vandewall's supervisor, Mr. Roy Wiegand, determined that Ms. Vandewall had repeatedly used a government telephone for personal matters and that she had falsely denied any knowledge of the telephone calls when questioned about them. On September 29 and October 2, 1989, Mr. Wiegand recorded his findings in memoranda to Mr. Nathaniel Robinson, a personnel management specialist who had the authority to remove Ms. Vandewall. In these memoranda, Mr. Wiegand recommended that Ms. Vandewall be removed before her one-year probationary period ended on October 10, 1989. Mr. Robinson drafted and approved a termination letter which was signed by Mr. Wiegand's supervisor, Mr. Michael Goldstein. On October 6, 1989, just before the end of Ms. Vandewall's probationary period, Mr. Wiegand handed Ms. Vandewall the termination letter. On October 20, 1989, Mr. Robinson signed a standard form 52 to terminate Ms. Vandewall's employment. On October 30, 1989, Mr. Robinson completed the paperwork by signing a standard form 50.
 
 
 3
 Ms. Vandewall timely appealed her removal to the Board. She asserted that Mr. Goldstein lacked the authority to terminate her employment on October 6, 1989 and that in fact she had not been removed until at least October 20, 1989. Consequently, argued Ms. Vandewall, she was removed after completing her one-year probationary period.* The AJ dismissed Ms. Vandewall's appeal for lack of jurisdiction. Vandewall v. Department of Transp., No. BN315H9010011 (MSPB Jan. 26, 1990). On petition for review, the full Board vacated the AJ's initial decision and remanded in order "to determine whether the deciding official, Michael Goldstein, a Regional Manager, had the authority to discharge [Ms. Vandewall]." Vandewall v. Department of Transp., 52 M.S.P.R. 150, 155 (1991). Upon remand, the AJ again dismissed Ms. Vandewall's appeal for lack of jurisdiction, finding that Ms. Vandewall effectively was removed on October 6, 1989 because the termination letter was issued with the knowledge and approval of Mr. Robinson, a person with termination authority. Vandewall v. Department of Transp., No. BN315H900011B1 (MSPB Apr. 22, 1992). On petition for review of that remand decision, the full Board modified and affirmed the AJ's remand initial decision, stating that "Mr. Goldstein had the authority to terminate [Ms. Vandewall because] Goldstein's action had the prior approval of Mr. Robinson, an official with general termination authority." Vandewall v. Department of Transp., No. 315H900011B1, slip op. at 4 (MSPB Nov. 20, 1992).
 
 
 4
 Ms. Vandewall appeals the Board's affirmance to this court which will "hold unlawful and set aside any agency action, findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence...." 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 An agency may terminate a probationary employee by providing her with a written explanation of the reason for the separation and the effective date of the action. 5 C.F.R. Sec. 315.804 (1993). The only issue in this appeal is whether the termination letter issued to Ms. Vandewall was defective because the official with the authority to terminate Ms. Vandewall did not sign the letter.
 
 
 6
 In 1981, the United States Court of Appeals for the District of Columbia Circuit held that selection letters written by officials lacking appointment authority were valid so long as the appointing official had exercised her discretion by approving the issuance of each selecting letter. National Treasury Employees Union v. Reagan, 663 F.2d 239, 246 n. 9 (D.C.Cir.1981) (NTEU ). This court approvingly referred to this rationale in Horner v. Acosta, 803 F.2d 687 (Fed.Cir.1986) noting that NTEU is not inconsistent with cases requiring a formal writing for appointment when the selectees received an unequivocal selection letter sent with the knowledge of an official having appointive authority. Id. at 693. We fail to find a viable reason to distinguish between the procedural requirements necessary to issue an effective letter offering a person employment with the federal government and those necessary to issue a letter effectively removing a probationary employee from such employment. The record in this appeal contains substantial evidence that Mr. Robinson was an official with authority to remove employees and that he drafted and approved the issuance of the October 6, 1989 letter given to Ms. Vandewall terminating her employment. In so doing, Mr. Robinson exercised the agency's discretion to remove Ms. Vandewall and rendered effective the October 6, 1989 termination letter signed by Mr. Goldstein.
 
 
 7
 Furthermore, even if we were to hold that an approving official must sign and issue a termination notice to a probationary employee, we would hold Ms. Vandewall's letter effective because ministerial functions not entailing the exercise of discretion may be delegated from one official to another. See Restatement (Second) of Agency Sec. 78 (1958). Here, Mr. Goldstein's signature was a ministerial act executed after Mr. Robinson exercised his termination authority by drafting Ms. Vandewall's termination letter and approving its issuance.
 
 
 8
 For these reasons we agree that the agency terminated Ms. Vandewall's employment during her probationary period and we affirm the Board's dismissal of her appeal for lack of jurisdiction.
 
 
 
 *
 A probationary employee has only limited appeal rights to the Board. 5 C.F.R. Secs. 315.804-315.806 (1993); 5 U.S.C. Secs. 7511(a)(1)(C), 7701(a) (1988 & Supp. III 1991); Bante v. Merit Sys. Protection Bd., 966 F.2d 647, 649 (Fed.Cir.1992). If this court were to find that Ms. Vandewall had completed her probationary period before being removed, she would be entitled to appeal her removal to the Board. 5 U.S.C. Sec. 7512(1) (1988)