NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**COTTY P. O'LEARY,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT, SOCIAL SECURITY ADMINISTRATION,**
*Respondents*

_____

2016-2477

_____

Petition for review of the Merit Systems Protection Board in Nos. DA-300A-12-0430-B-1, DA-300A-12-0651-B-1, DA-300A-12-0652-B-1.

_____

Decided: September 6, 2017

_____

COTTY P. O'LEARY, Metairie, LA, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondents. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

_____

Before DYK, MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Cotty O'Leary petitions for review of a final decision of the Merit Systems Protection Board ("Board"). O'Leary was removed from the 2012 Office of Personnel Management ("OPM") certificate of eligibles for candidacy as an administrative law judge by the Social Security Administration ("SSA"). The Board denied O'Leary's appeal. We *affirm*.

## BACKGROUND

"An agency may appoint an individual to an administrative law judge position . . . when it makes its selection from the list of eligibles provided by OPM." 5 C.F.R. § 930.204. O'Leary was on the OPM list of eligibles to SSA as an administrative law judge candidate in 2009, 2010, and 2011. He was considered for three appointments in 2009, but he was not selected.

5 C.F.R. § 332.405 provides that "[a]n appointing officer is not required to consider an eligible who has been considered by him for three separate appointments from the same or different certificates for the same position." Known as the "rule of three," § 332.405 has a long history dating back to 1886, and this court has specifically held that this regulation "is lawful." *Lackhouse v. MSPB*, 773 F.2d 313, 317 (Fed. Cir. 1985).

O'Leary was removed from the 2012 list of eligibles by SSA after it deemed that he "had [already] received at least three bona fide considerations." Appellee Br. 6.

O'Leary filed three appeals alleging that OPM and SSA violated 5 C.F.R. § 332.405 as applied to him. Specifically, O'Leary alleged that he had not received three considerations from the "appointing officer," Nancy Peters, as required by the regulation. Rather, according to

O'Leary, Peters performed "merely 'ministerial'" approvals, J.A. 25, while the actual appointment considerations were "made by various [other] individuals," J.A. 33. O'Leary also moved to certify a class action on behalf of other candidates who were similarly removed from the list.

The Board Administrative Judge ("AJ") found that although O'Leary "disputes that Peters actually 'considered' him for the position of [administrative law judge,] . . . I find that Peters' participation in the process . . . during the deliberations constitutes proper consideration." J.A. 32–33. The AJ also found that "it is not appropriate to treat this appeal as a class action, as it does not meet the requirements." J.A. 39.

O'Leary petitioned for review of this initial decision, which the Board denied, affirming the AJ's initial decision that Peters had properly delegated her appointment duty.

O'Leary petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

In his petition for review, O'Leary argues that he was improperly removed from the 2012 list of eligibles for SSA administrative law judge positions based on an improper application of 5 C.F.R. § 332.405.

According to O'Leary, because 5 C.F.R. § 332.404 provides that "[a]n appointing officer, with sole regard to merit and fitness, shall select an eligible for . . . [t]he first

vacancy from the highest three eligibles," the appointing officer's "consideration" for the purpose of § 332.405 must thus also include assessing "merit and fitness." Here, O'Leary argues that Peters's duties were "merely ministerial in nature," Appellant Br. 17, because she was "responsible only for verifying the legality and procedural propriety of the appointment, whereas [others] ma[d]e the substantive judgments and actually cho[]se the selectees," *id.* at 15. Thus, O'Leary claims that he was not properly considered three times as the regulation requires. We disagree. While the Board may have erred in concluding that Peters herself considered "the merit and fitness of the candidates," J.A. 19, we conclude that Peters could properly delegate her consideration of "the merits and fitness of the candidates."

An appointing officer may delegate her appointment duties. *See, e.g.*, *Vandewall v. Dep't of Transp.*, 5 F.3d 1504, 1993 WL 302646 at *2 (Fed. Cir. 1993) ("[S]election letters written by officials lacking appointment authority [a]re valid so long as the appointing official had exercised her discretion by approving the issuance of each selecting letter."); *Horner v. Acosta*, 803 F.2d 687, 693 (Fed. Cir. 1986) (holding that a "selection letter from, or with the knowledge of, an official having appointive authority" constitutes appointment). Here, O'Leary concedes that he was properly "considered for appointment as an [administrative law judge] three times by then SSA Chief Judge Frank Cristaudo." Appellant Br. 6, 16; *accord* J.A. 155. And there is no dispute that Cristaudo made his administrative law judge selection recommendations under the authority of Peters. J.A. 33–34; *see also* J.A. 168 (Cristaudo testifying that he knew Peters was the appointing officer). Therefore, the appointing officer here simply delegated her proper consideration of O'Leary.

O'Leary argues that the appointing officer must personally consider the "merit and fitness" of an eligible in

order to invoke § 332.405. Appellant Br. 10.[1] We agree with the Board that "given the number of appointments under her auspices, it is reasonable [for Peters] to delegate duties to others with first-hand knowledge of the requirements of the [administrative law judge] position." J.A. 34. Having effectively delegated her appointment duties, Peters was not required to personally consider the merits of O'Leary's candidacy and could appropriately defer to the merits recommendations from Chief Judge Cristaudo.

O'Leary also argues in his petition for review that, in order to certify a class action, he should be allowed to discover "the identities of the unknown potential class members" who were similarly affected. Appellant Br. 21. Like the Board, because we "deny corrective action in the[] employment practices appeal[]," J.A. 20, we also affirm the denial of O'Leary's class-certification motion.

We have considered the petitioner's remaining arguments and find them without merit.

## AFFIRMED

### COSTS

No costs.

---

[1]   Peters testified that her personal consideration during the appointment process did not pertain to the "merits" of O'Leary's candidacy. J.A. 86.