Jeffrey S. STOKES, Petitioner,

v.

**FEDERAL AVIATION ADMINISTRATION,**
Respondent.

**Appeal No. 84–1483.**

United States Court of Appeals,
Federal Circuit.

Decided May 10, 1985.

Jeffrey S. Stokes, Chula Vista, Cal., pro se.

M. Susan Burnett, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.

MARKEY, Chief Judge.

Jeffrey S. Stokes (Stokes) appeals from the decision of the presiding official dismissing his appeal for lack of jurisdiction, SF315H8210510. That decision became the decision of the Merit Systems Protection Board (Board) when it denied Stokes' petition for review. We affirm.

### Background

Stokes was serving a probationary period as Air Traffic Control Specialist (Trainee) in the Federal Aviation Administration (FAA). The agency discharged him, giving as the reason his unsatisfactory performance in failing to "check out" on the Flight Data/Clearance Delivery (FD/CD) position after an excessive number of training hours on that position.

Stokes appealed, saying he was discharged because of marital status discrimination. He premised that discrimination

allegation on assertions that FAA overlooked more serious errors of married employees and gave them: (1) more performance briefings; (2) extensions of time to "check out"; and (3) rotating shifts, resulting in more wages and supervision.

Stokes also alleged that his termination for unsatisfactory performance was improper because his overall performance rating was ninety-two percent satisfactory and because he was used to train other controller-trainees.

The first presiding official determined that Stokes had made a non-frivolous claim of marital discrimination and referred the case to a second presiding official for a hearing to provide Stokes the opportunity to present evidence to substantiate his allegation.

The second presiding official conducted a hearing at which testimony of witnesses and documentary evidence was received. Having determined that Stokes had "failed to establish a *prima facie* case of marital discrimination and thus the Board's jurisdiction", she went on to hold that, if Stokes had established such a *prima facie* case, the agency had rebutted it by articulating a non-discriminatory reason for the discharge that Stokes had not shown to be pretextual. That reason was Stokes' continued error rate after 174 hours of training in the FD/CD position. The second presiding official dismissed Stokes' assertions of 92% satisfactory ratings and his use as a trainer because they were unrelated to the FD/CD position, impliedly holding that Stokes had not shown the articulated reason to have been pretextual.

The second presiding official dismissed Stokes' claim "for lack of jurisdiction", accompanying her decision with an opinion that included:.

An employee who alleges marital status discrimination has the same burden of proving a *prima facie* case as an employee who alleges discrimination prohibited by Title VII of the Civil Rights Act of 1964. *McClintock v. Veterans Administration*, 6 MSPB 402 (1981). If the employee establishes a *prima facie* case, the burden shifts to the agency to establish a legitimate non-discriminatory reason for its action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973). The burden of persuasion remains with the employee, however, and once the agency makes such a showing the employee may prevail only by demonstrating that the agency's reason for taking the action was merely a pretext for discrimination. *Id.*

\* \* \* \* \* \*

The Board's review of probationary employee terminations allegedly based on marital status discrimination is limited to a determination of the viability of that allegation under 5 C.F.R. 315.806(b) and does not include a review of the merits of the termination itself. *Graves v. Department of Interior*, [8 M.S.P.B. 175] MSPB Docket No. CH315H8010187 (October 22, 1981). Since appellant has not established jurisdiction, his appeal must be dismissed.

### *Issue*

■ Whether the Board erred in dismissing Stokes' appeal.[1]

### OPINION

#### (1) *Stokes' Case*

■ A probationary employee has no statutory right to appeal, 5 U.S.C. §§ 7511–7514. Under an Office of Personnel Management (OPM) regulation, 5 C.F.R. § 315.806(b), the Board will, however, consider appeals from agency actions adverse to probationary employees when those em-

---

1. Stokes for the first time in this court attempted to assert a procedural irregularity, i.e., that information in the notice of termination was not in the notice of unsatisfactory performance. Stokes' failure to present the issue to the presiding official or to the Board bars its considera-

tion by this Court. *See Lizut v. Dep't of the Army*, 717 F.2d 1391 (Fed.Cir.1983); *cf. James v. Federal Energy Regulatory Comm'n*, No. 84–979, 747 F.2d 1581 (Fed.Cir.1984), as modified by order, Feb. 8, 1985.

ployees allege that those actions were the result of partisan political or marital status discrimination.

After considering the evidence, the second presiding official correctly found that Stokes had not supported his allegation of marital status discrimination.

██ Nothing of record indicates that the FAA overlooked more errors of married than of single employees. Stokes' mere citation of two undocumented errors of married trainees was much too sketchy to constitute evidence of marital discrimination.

Stokes provided no evidence that married employees were given a higher percentage of performance briefings. On the contrary, Stokes was briefed on 100% of his training sessions.

Stokes' premise that married employees were given extensions of time to "check out" is unsupported by any evidence.

The record discloses no basis for Stokes' premise that married employees were favored in rotation shift assignments. Nor was there any evidence that Stokes received less supervision than any other employee-trainee, married or single.

Thus the agency successfully controverted Stokes' factual showing made in support of his jurisdictional allegation of marital discrimination.

██ The Board's dismissal of the appeal was, accordingly, not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, nor was it obtained without procedures required by law, rule, or regulation having been followed, nor was it unsupported by substantial evidence. 5 U.S.C. § 7703. *Phillips v. United States Postal Service,* 695 F.2d 1389 (Fed.Cir. 1982).

### (2) *Jurisdiction*

Having heard and considered the entire case, including the government's proof of a non-discriminatory basis for the adverse ac-

tion, the presiding official based the dismissal on "lack of jurisdiction".

Jurisdiction means the right or power of a tribunal to act. *Binderup v. Pathe Exchange,* 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308 (1923); *see also Sheehan v. Purolator Courier Corp.,* 676 F.2d 877, 888 (2d Cir. 1981) (Markey, C.J., sitting by designation, dissenting); *United States v. Boe,* 543 F.2d 151 (CCPA 1976).

The OPM regulation, 5 C.F.R. § 315.-806(b) states:

> *On discrimination.* An employee may appeal under this paragraph a termination not required by statute which he or she *alleges* was based on partisan political reasons or marital status. [Emphasis added.]

The Board would thus have no jurisdiction to consider an appeal filed by a probationary employee who does not "allege" marital discrimination or partisan politics and may simply dismiss such an appeal on sight. The regulation, however, establishes a probationary employee's right to appeal, and thus the Board's initial jurisdiction to act, i.e., to consider that appeal, when the probationary employee does so allege. Stokes alleged marital discrimination here.[2] Thus the Board exercised an initial jurisdiction, based on the mere allegation of marital discrimination, to determine whether it did in fact have jurisdiction to proceed further and decide the case.

██ The probationary employee bears the burden throughout of establishing jurisdiction. *Stern v. Dep't of Army,* 699 F.2d 1312 (Fed.Cir.), *cert. denied,* 462 U.S. 1122, 103 S.Ct. 3095, 103 S.Ct. 3095 (1983). A regulation requires that that burden be met by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2). That burden is not met, therefore, upon the mere filing of allegations. Nor is it sustained by allegations shown to have been totally without foundation. To carry his burden of establishing jurisdiction, the probationary employee must proffer sufficient evidence to enable the presiding official reasonably to

---

**2.** All references here to "marital discrimination" are equally applicable to "partisan politics".

conclude that the allegations are non-frivolous, i.e., a showing which, if not controverted, would indicate that marital discrimination was the basis for the agency's adverse action. *Cf. Ralston Steel Corp. v. United States*, 340 F.2d 663, 169 Ct.Cl. 119 (1965) (jurisdiction is established by non-frivolous claim).

■ Thus the probationary employee faces initially a two-step process. First, he must include in his appeal an allegation of marital discrimination supported by factual assertions indicating that the allegation is not a *pro-forma* pleading. A merely conclusory pleading is insufficient. When, as here, a facially non-frivolous allegation of marital discrimination has been supported, the probationary employee has a right to a hearing. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641 (Fed.Cir. 1985). Second, at the hearing, he must support his allegation with a showing of facts which would, if not controverted, require a finding that marital discrimination was the basis for the discharge. If the probationary employee fails to make such a showing, the case may be dismissed for failure to support the jurisdictional allegation. That failure establishes that the allegations were totally unfounded, that the probationary employee had no true basis for maintaining an appeal, and that jurisdiction was actually not present. Having so determined, as it did here, the Board need proceed no further and dismissal for "lack of jurisdiction" would be appropriate.

If the probationary employee does make the required showing in support of his allegation, as Stokes did here, the agency may then proceed to refute that showing. It may do so by attacking the truth of that showing directly, or by establishing a non-discriminatory basis for its adverse action, or both.[3]

If the agency successfully controverts the factual showing made by the probationary employee in support of his jurisdictional allegation, as it did here, the situation is the same as that which would exist if no such showing had been made. At that point, the right to appeal and the Board's jurisdiction, matters on which the employee bears the burden, constitute a dispositive issue.

■ The agency bears the burden of proving the legitimacy of its adverse action, in this case that it was taken on a non-discriminatory basis. *Lindahl v. OPM*, —— U.S. ——, —— n. 5, 105 S.Ct. 1620, 1624 n. 5, 84 L.Ed.2d 674, 53 U.S. L.W. 4371, 4372 n. 5 (1985); *Wilburn v. DOT*, 757 F.2d 260, 262 (Fed.Cir.1985). That the agency may more easily meet that burden in the case of a probationary employee, because it need only articulate a non-discriminatory reason, does not mean that it escapes the burden entirely. If the agency articulates a legitimate non-discriminatory reason for the adverse action, the burden of going forward falls on the employee to rebut that reason by demonstrating that it is pretextual. If, as occurred here, the employee provides a rebuttal (92% satisfactory ratings, use as trainer), the agency must, as it did here, refute that rebuttal with evidence supporting its non-discriminatory articulation. Once the probationary employee establishes that a basis for the discharge could have been marital discrimination, the burden of persuading the decisionmaker that the discharge was not actually based on discrimination rests on the agency.

Stokes' failure here was not a failure to meet the requirement to "allege" marital discrimination, as set out in 5 C.F.R. § 315.806(b). Nor did his failure lay in the insufficiency of his factual showing, which, if uncontroverted, would have supported

---

**3.** As a practical matter, the agency can be expected, as it did here, to take both approaches at the one hearing, when the facts so warrant. Convinced that it had fully controverted Stokes' fact allegations of marital discrimination, the agency could, at that point, have moved for dismissal for Stokes' failure to support his juris-dictional allegation, i.e., failure to carry his burden of establishing jurisdiction. We do not say that agencies should follow such practice, but cite its availability as illustrative of the need to maintain consistency in the allocation of burdens of proof.

his allegation of marital status discrimination. He met his Waterloo when the agency succeeded in directly controverting that showing, and thus proving that Stokes had not met his burden of establishing his right to appeal and thus the Board's jurisdiction.

■ It is idle to say broadly that the Board does not review "the merits of the termination itself" in appeals by probationary employees. When those employees make factual showings in support of allegations of marital discrimination and those showings are not shown to be unfounded, the Board must consider the merits of the termination. Though jurisdiction is at various stages an issue, the basic, underlying issue resides in the appealing employee's assertion of a right to get his job back. Once the jurisdictional basis for the appeal is established, the sole question is "why was the appellant discharged?" That question goes to the merits of the appeal and is not jurisdictional. If the Board determines on the entire record that a probationary employee was discharged on the sole basis of marital discrimination, it would presumably order reinstatement (if the grant of the right to appeal is not to be rendered a facade). If, on the other hand, the Board decides that, notwithstanding the showing of marital discrimination, the agency acted for clearly non-discriminatory reasons, it would not order reinstatement. Thus, it is impossible to decide the entire appeal on the merits, and to order or deny reinstatement accordingly, without considering the "merits of the termination itself".

Because probationary employees undergo a trial period and do not have the same statutory safeguards as do non-probationary employees, the depth of review given the merits of the termination, and the quantum of proof required from the agency, may be less, but that is not to say that the merits of the termination itself are never at all reviewed. Here, for example, the articulated non-discriminatory reason (unsatisfactory performance) was supported by the agency's proof of Stokes' high error rate after 174 hours of instruction in the FD/CD position, and his "pre-text" rebuttal was refuted by the agency's proof that his satisfactory ratings and use as a trainer were not related to that controller position for which he failed to qualify. In determining that the agency's articulated reason was legitimate, that the evidence supported it, and that it had not been shown to be merely a pretext, the Board did to that extent exercise its jurisdiction to review the merits of the termination itself.

When the Board dismisses a probationary employee's appeal for failure to support the jurisdictional allegation of marital discrimination, "lack of jurisdiction" is, as above indicated, an adequate description of the basis for that dismissal. When, as here, the Board goes on to determine the entire case on its merits, i.e., to determine that the agency had articulated and supported a non-discriminatory reason and the probationary employee had not shown that reason to be mere pretext, that description of the basis for dismissal is, for a number of reasons, inappropriate.

It is at best incongruous to speak as though the jurisdictional issue is all that has been decided when it is the entire case that has been decided. If, when the case is over, including a review of the agency's non-discriminatory basis for its action, it cannot be said that the Board has decided only that it has jurisdiction. Nothing remains, the case being over, on which it may then exercise that jurisdiction. To say, under those circumstances, that the Board has decided only that it lacks jurisdiction is to say that it acted without authority in determining that the employee was discharged for non-discriminatory reasons.

Importantly, also, by treating the entire case as one directed solely to the issue of jurisdiction, the Board allocates to the probationary employee the entire burden of proof on all issues throughout the case. That allocation is contrary to that set forth in our cases. *Lindahl, supra; Wilburn, supra.*

■ We review decisions of the Board, however, not its reasoning or the labels it attaches to describe its action. We find the decision of the Board to have been correct

in this case because Stokes' factual showing in support of his allegation of marital discrimination was controverted by the agency's proof that those allegations were unfounded.[4]

### (3) *This Court's Jurisdiction*

Pursuant to section 7703(b)(1), this Court has exclusive jurisdiction of an appeal from a final order of the Board, Federal Courts Improvement Act of 1982, 28 U.S.C. § 1295(a)(9), except insofar as section 7703(b)(2) provides that:

> (2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7701.

Section 7702 deals with discrimination on bases other than those encompassed within 5 C.F.R. § 315.806(b). Thus discrimination based on "partisan political reasons or marital status" is not a type of discrimination falling within section 7702 and appeals from decisions of the Board involving the presently alleged type of discrimination are not outside the jurisdiction of this court.

AFFIRMED

---

**4.** Were it necessary to do so, we would affirm the Board's alternative finding that the agency's non-discriminatory basis for Stokes' discharge was established and was not shown to have been pretextual.