**Dennis P. BANTE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 91–3275.**

United States Court of Appeals, Federal Circuit.

June 9, 1992.

Dennis P. Bante, pro se.

Rita Arendal, Atty., Merit Systems Protection Bd., Washington, D.C., submitted for respondent. With her on the brief were Mary L. Jennings, Acting Gen. Counsel, and Sara B. Rearden, Acting Asst. Gen. Counsel.

Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.

PLAGER, Circuit Judge.

Dennis P. Bante (Bante) appeals from the decision of the administrative judge (AJ) dismissing his appeal for lack of jurisdiction, No. DE315H9010513. 47 M.S.P.R. 413. The decision became the decision of the Merit Systems Protection Board (MSPB or Board) when it denied Bante's petition for review. We *affirm.*

### BACKGROUND

On July 24, 1990, the Federal Aviation Administration (FAA) notified Dennis P. Bante, a probationary employee, of its intention to remove him from his position as an air traffic controller. He was given fifteen days to respond to this proposal. Bante was thereafter terminated on August 24, 1990. Bante's removal was based on his failure to provide accurate information on preapplication forms and during a pre-employment interview. Specifically, Bante failed to disclose past alcohol and drug use, prior alcohol and marijuana-related offenses, and prior admission to an alcoholic rehabilitation center.

Bante appealed his dismissal to the MSPB. He argued that the MSPB had jurisdiction over his appeal because his removal was due to discrimination for partisan political reasons, 5 C.F.R. § 315.806(b) (1991), and because his removal was effected through improper procedures, 5 C.F.R. § 315.806(c) (1991). His allegations of dis-

crimination were limited to claiming that "the Federal government is a political hierarchy wherein prejudiced and unreasoned decision making can and did occur. The appellant alleges that this did occur because the deciding official ... had to confer with a person in a superior position before rendering his decision." *Initial Decision* at 4.

The AJ dismissed Bante's appeal on November 1, 1990, holding that Bante had been removed during his probationary period and had been accorded all procedural rights specified in 5 C.F.R. § 315.805 (1991). Specifically, the AJ found that the FAA had given full consideration to Bante's response, as evidenced by its withdrawal of one of the proposed grounds for removal. As for Bante's allegation of discrimination for partisan political reasons, the AJ dismissed this jurisdictional ground by noting that Bante had not provided any evidence that the deciding official conferred with any person in a superior position before rendering his decision. The AJ further noted that, even if such consultation had occurred, it would not suffice to support a claim of partisan political discrimination.

On March 7, 1991, the full Board denied Bante's petition for review of the initial decision, which then became the final decision of the MSPB. Bante appeals this decision before us. In addition to challenging the rationale of the AJ's decision, which the Board adopted, Bante argues that the MSPB should be required to consider whether a "nexus" exists between the cited grounds for removal and the mission of the FAA.

## DISCUSSION

■ Probationary employees who are dismissed for conditions arising before employment are accorded only a limited right to appeal the decision before the MSPB. Such probationers may appeal if the termination is not effected in accordance with the procedures set forth in 5 C.F.R. § 315.-805. In addition, 5 C.F.R. § 315.806 provides for appeals of terminations based on discrimination for political reasons or marital status. Otherwise, the Board does not have jurisdiction to review the merits of the probationer's dismissal.

## I.

■ When a probationary employee raises an allegation of discrimination based on marital status or partisan politics, the first step is the jurisdictional inquiry—i.e. a determination of whether the probationary employee's appeal contains a facially non-frivolous allegation of such discrimination. *Stokes v. Federal Aviation Admin.*, 761 F.2d 682, 685–86 (Fed.Cir.1985). If jurisdiction is initially established, then as a second step the AJ conducts a hearing on the factual issues of whether such discrimination existed and was the basis for the probationer's discharge. *Id.* The probationer bears the burden of proving the discrimination by a preponderance of the evidence. *Id.*

■ A probationer's appeal under 5 C.F.R. § 315.806(b) must include "an allegation of marital [or partisan political] discrimination supported by factual assertions indicating that the allegation is not a *pro forma* pleading. A merely conclusory pleading is insufficient." *Stokes*, 761 F.2d at 686. Bante did not allege a viable claim of partisan political discrimination on the face of his complaint. His allegation is clearly not within the definition of partisan political discrimination enunciated by this court. *Mastriano v. Federal Aviation Admin.*, 714 F.2d 1152, 1155–56 (Fed.Cir.1983) (adopting the view that "partisan political reasons" means "discrimination based on affiliation with any political party or candidate"). Had this been Bante's sole jurisdictional allegation, the AJ would have been justified in concluding at the first analytical step that Bante had failed to make the requisite "facially non-frivolous allegation", *Stokes*, 761 F.2d at 686, and in dismissing the petition outright for lack of jurisdiction. In Bante's case, the AJ proceeded to take evidence relating to all of his allegations, and then concluded that the political discrimination allegation was frivolous. This was more than the AJ was required to do.

## II.

■ Bante argues on appeal that the Board's scope of review of agency decisions ought to approximate that of non-probationary employees—i.e. that some "nexus" must be found. To the extent that this argument is raised for the first time on appeal before this court, it need not be considered. *Lizut v. Department of Army*, 717 F.2d 1391, 1396 (Fed.Cir.1983).

In any event, we have previously rejected this argument. *Mastriano*, 714 F.2d at 1155. The language of the current statute establishes that Congress clearly intends review of the termination of probationary employees be more limited than that of other employees. For the purposes of MSPB review of removals, 5 U.S.C. § 7511 (1988) defines an "employee" as "an individual in the competitive service *who is not serving a probationary or trial period under an initial appointment....*" (emphasis added). The statute makes no analogous provision for probationary employees. The meaning of this Congressional silence is discussed in *Connolly v. United States*, 554 F.Supp. 1250, 1257 (1982), *aff'd in part and rev'd in part*, 716 F.2d 882 (Fed.Cir.1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); "[P]robationary employees are pointedly excluded.... The limitation on the rights of probationary employees was not an oversight; it was a conscious decision by Congress to afford federal managers great latitude in removing probationary employees before they became vested with the rights afforded tenured employees." (*Citing* H.R.Rep. No. 1403, 95th Cong., 2d Sess. 21 (1978) and S.Rep. No. 969, 95th Cong., 2d Sess. 45 (1978)), U.S.Code Cong. & Admin.News 1978, p. 2723.

The regulations promulgated by the Office of Personnel Management at 5 C.F.R. §§ 315.805–806 thus are the only applicable provisions in Bante's case. Given the explicit and well established instructions from Congress, this court may not inquire into Bante's case beyond the scope of 5 C.F.R. § 315.806. Accordingly, we hold that the MSPB's review of Bante's allegations of procedural defects was correct in scope.

## III.

■ Bante's final argument, that the agency did not give his response proper consideration, is without merit. To the contrary, the F.A.A. gave his response full consideration, and displayed commendable open-mindedness in subsequently dropping one of the specifications for removal.

The legal standard by which the Federal Circuit reviews decisions of the MSPB is that a decision must be affirmed unless it is found to be:

1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2) obtained without procedures required by law, rule or regulation having been followed; or

3) unsupported by substantial evidence.

*See* 5 U.S.C. § 7703. In light of this standard of review, the decision of the MSPB clearly should be and is affirmed.

*AFFIRMED.*

No costs.