16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Steven A. BAUGHMAN, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3299.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1993.
 
 Before CLEVENGER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM:
 
 DECISION
 
 1
 Petitioner, Steven A. Baughman (Baughman), seeks review of the January 4, 1988 decision of the administrative judge, made final by the Merit Systems Protection Board (board) in a decision dated May 10, 1988, dismissing Baughman's appeal for lack of jurisdiction. This court affirms.
 
 BACKGROUND
 
 2
 On December 22, 1986, petitioner began serving as a Warehouse Worker with the Department of the Navy pursuant to a Veterans Readjustment Appointment (VRA). On November 13, 1987, less than one year after his appointment, petitioner was terminated from his position. On review, the board dismissed petitioner's appeal of that termination for lack of jurisdiction.
 
 
 3
 This court affirms board decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 4
 Persons who receive a VRA and are terminated within the first year of their employment are entitled to the same limited appeal rights afforded career or career-conditional employees in the first year of their employment. 5 C.F.R. Sec. 307.105(b) (1988). Career or career-conditional employees in the first year of their employment may only appeal an employment termination to the board if they allege that the termination was (1) not effected in accordance with the procedural requirements of 5 C.F.R. Sec. 315.805; or (2) based upon partisan political or marital status discrimination. 5 C.F.R. Sec. 315.806 (1988); see Bante v. Merit Sys. Protection Bd., 966 F.2d 647, 649 (Fed.Cir.1992).
 
 
 5
 Here, petitioner does not allege that his termination was either contrary to the procedural regulations of Sec. 315.805 or based upon partisan political or marital status discrimination. Accordingly, the board lacks jurisdiction over petitioner's appeal, and the decision to dismiss that appeal is therefore
 
 
 6
 AFFIRMED.