92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rafael E. BENCOSME, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 96-3178.
 United States Court of Appeals, Federal Circuit.
 July 16, 1996.
 
 Before MAYER, MICHEL and SCHALL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Rafael E. Bencosme petitions for review of the September 18, 1995 decision of an Administrative Judge ("AJ"), Docket No. AT-315H-95-1110-I-1, which dismissed for lack of jurisdiction Bencosme's appeal of his termination during his probationary period from the position he held as Aviation Safety Inspector. The AJ's decision became the final decision of the Merit Systems Protection Board ("Board") on February 7, 1996, when the Board denied review of the initial decision. Because the Board did not abuse its discretion in denying a hearing or err at law in determining it lacked jurisdiction over Bencosme's appeal, we affirm.
 
 Discussion
 
 2
 Bencosme began his employment with the Department of Transportation ("DOT") as a probationary aviation safety inspector on May 1, 1995. On June 13, DOT issued a notice of proposed termination to Bencosme; the ground given for termination was Bencosme's alleged falsification of official government employment documents. Specifically, DOT alleged Bencosme had falsely answered questions regarding his criminal record and past employment. On June 28, 1995, after Bencosme had twice responded to this notice in writing, DOT withdrew its proposed termination notice and notified Bencosme that DOT was "in the process of reviewing information regarding criminal conduct in which you were involved prior to your appointment to determine if you possess the personal qualities necessary to be an Aviation Safety Inspector with the FAA."
 
 
 3
 On June 30, 1995, DOT issued a new notice of proposed termination to Bencosme. In this instance, the ground given for termination was pre-appointment criminal misconduct. Specifically, Bencosme had previously been arrested for having stolen aircraft parts in his possession and pled nolo contendere to the charge. Bencosme responded to this notice in writing, on both July 3 and July 5, 1995. In his responses, Bencosme alleged that he had never stolen anything, that he had been set up by his former employer, and that he pled nolo contendere because he did not have the money to pay for a jury trial.
 
 
 4
 The DOT issued its decision to terminate Bencosme on July 21, 1995. This letter indicated DOT had "given full consideration to the information in [Bencosme's] written reply of July 5, 1995," but that the reason for termination was "fully supported by the evidence and merits the termination of [Bencosme's] employment during [his] probationary period."
 
 
 5
 Bencosme then filed a timely appeal with the Board alleging he had been improperly terminated and seeking a hearing. The AJ assigned to the case questioned whether the Board possessed jurisdiction to hear Bencosme's appeal and ordered Bencosme to file evidence and argument to demonstrate that the Board possessed jurisdiction. The AJ advised Bencosme that the rights of appeal of probationary employees were limited and that he must allege a non-frivolous claim that his termination was based on partisan political reasons or marital status or that the termination action violated the procedures set forth in 5 C.F.R. § 315.805.
 
 
 6
 Bencosme responded to the AJ's order on August 28, 1995 alleging that: (1) the decision to terminate him had been made sometime prior to May 31 when his scheduled mandatory training in Oklahoma was canceled; (2) DOT failed to consider Bencosme's response to the letter of proposed termination as required by 5 C.F.R. 315.805(b); and (3) DOT was aware of all of the relevant facts prior to Bencosme's employment and that the termination letters were merely an attempt to build up a negative file. Bencosme also alleged DOT failed to evaluate his performance or conduct as required by 5 C.F.R. § 315.804 and that he was discriminated against because he is Hispanic.
 
 
 7
 On September 18, 1995, the Board issued an initial decision dismissing Bencosme's appeal for lack of jurisdiction. The Board found that the evidence of record clearly demonstrated that DOT had followed the proper procedures, i.e., that it had provided advance notice of the reasons for the proposed termination, afforded the employee an opportunity to respond, and notified the employee of the agency's decision at the earliest practical date.[1]
 
 
 8
 Thus, the Board found that Bencosme's allegation did not constitute a non-frivolous claim of procedural violations by the agency. As Bencosme additionally had failed to allege discrimination based on partisan politics or marital status, the Board dismissed for lack of jurisdiction. In addition, the Board rejected Bencosme's contention that his performance and conduct were not properly evaluated in accordance with 5 C.F.R. § 315.804 because that regulation only applies when probationary employees are terminated for unsatisfactory performance or conduct during their probationary period. Finally, the Board rejected Bencosme's claim of discrimination based on national origin on the ground that it was insufficient, standing alone, to bring the case within the Board's jurisdiction.
 
 
 9
 Bencosme filed a petition for review of the initial decision on October 18, 1995. The Board denied Bencosme's petition for review because it did not satisfy the criteria for review set forth in 5 C.F.R. § 1201.115. This appeal followed.
 
 Analysis
 
 10
 We must affirm a decision of the Board unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703; Bante v. Merit Sys. Protection Bd., 966 F.2d 647, 650 (Fed.Cir.1992).
 
 
 11
 Probationary employees who are dismissed due to pre-employment conditions are given only limited rights to appeal their dismissal before the Board. Such probationary employees may appeal only on the following grounds: (1) discrimination based on partisan political reasons or marital status; or (2) failure to comply with the procedural requirements set forth at 5 C.F.R. § 315.805 (1994) where termination is based on conditions arising pre-employment. 5 C.F.R. § 315.806 (1994). The employee bears the burden of demonstrating that the Board has jurisdiction by a preponderance of the evidence. Stokes v. Federal Aviation Admin., 761 F.2d 682, 686 (Fed.Cir.1985).
 
 
 12
 A probationary employee faces a two-step process when he raises one of the above grounds for appeal. First, the employee must include in his appeal a facially non-frivolous allegation supporting jurisdiction, e.g., an allegation that the agency failed to follow the proper procedures as set forth in 5 C.F.R. § 315.805. This allegation must be "supported by factual assertions indicating that the allegation is not a pro-forma pleading." Stokes, 761 F.2d at 686. A merely conclusory pleading is not sufficient to create jurisdiction. Id.
 
 
 13
 Second, the employee must support his allegation with a showing of factual evidence which, if not disputed, would be sufficient to require a finding that the ground alleged in support of jurisdiction was the basis for the employee's termination. Id. If the employee fails to make such a showing, an appeal may properly be dismissed for lack of jurisdiction. Id.
 
 
 14
 Although the Board is not required by statute to hold an evidentiary hearing on the issue of jurisdiction, certain circumstances exist in which such a hearing is proper: for example, "it would be appropriate for the [Board] to honor a request for hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence." Manning v. Merit Sys. Protection Bd., 742 F.2d 1424, 1428 (Fed.Cir.1984). Manning has been interpreted to mean that an employee is generally entitled to a hearing whenever "a facially non-frivolous allegation [of a proper jurisdictional basis] has been supported." See, e.g., Stokes, 761 F.2d at 686. However, a hearing need not be granted where the agency has submitted evidence refuting the employee's allegations and the employee has failed to respond to that evidence. See Manning, 742 F.2d at 1428. Likewise, a hearing need not be granted where the Board has requested the submission of evidence and the employee has failed to comply with the Board's request. Briscoe v. Department of Veterans Affairs, 55 F.3d 1571, 1573 (Fed.Cir.1995) ("Although an appellant need not prove her entire case before she is entitled to a hearing, the board may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations."). In those instances, the Board may properly decide the jurisdictional issue on the papers before it.
 
 
 15
 Here, Bencosme alleged that DOT failed to follow the procedural requirements set forth at 5 C.F.R. § 315.805 by failing to consider his response to the notice of termination. Such an allegation, if proven, would be sufficient to convey jurisdiction. Moreover, Bencosme supported his allegation with the factual assertion that DOT had made its decision to terminate his employment in late May, as evidenced by its decision to cancel his mandatory training session in Oklahoma, scheduled for May 31, 1995. Ordinarily, we might say such a factual assertion was sufficient to require the Board to grant Bencosme's request for a hearing on the jurisdictional issue. However, the AJ specifically ordered Bencosme to file argument and evidence to support his jurisdictional claim. Bencosme failed to submit any evidence. Thus, in light of Bencosme's failure to submit any evidence to support his allegation, the undisputed fact that DOT withdrew its initial proposed termination after Bencosme's response, and the undisputed fact that DOT's termination letter explicitly stated that the agency had considered Bencosme's response,[2] the AJ did not abuse his discretion in deciding the jurisdictional issue on the papers and did not err in deciding that the Board lacked jurisdiction to hear Bencosme's appeal. See Briscoe, 55 F.3d at 1573-74.[3] Therefore, we affirm.
 
 
 
 [1]
 The Board did not explicitly state that the agency was required to consider any reply submitted by Bencosme. However, a reading of the Board's decision demonstrates that the Board properly determined that consideration had to be, and was, given to Bencosme's reply
 
 
 [2]
 Admittedly, DOT's letter of termination only indicated that Bencosme's letter of July 5, 1995 had been considered by the agency. However, Bencosme's letter of July 3, 1995 contained substantially the same information as was found in his July 5 letter. Moreover, Bencosme has failed to argue, let alone present any evidence, that he was terminated because of the Board's failure to consider any facts that were present in the July 3, 1995 letter but not in the July 5, 1995 letter
 
 
 [3]
 We likewise find no error in the Board's rejection of Bencosme's claim that DOT failed to evaluate his conduct in accordance with 5 C.F.R. § 315.804 and his claim that he was terminated because he is Hispanic. By its very language, Section 315.804 applies only where "an agency decides to terminate an employee ... because his work performance or conduct during this [probationary] period fails to demonstrate his fitness...." 5 C.F.R. § 315.804 (1994) (emphasis added). Likewise, discrimination on the basis of national origin is only an appropriate ground for appeal when it is accompanied by and in addition to allegations of discrimination on the grounds of partisan politics or marital status or agency failure to comply with 5 C.F.R. § 315.805. See 5 C.F.R. § 315.806(d)