**Kenneth E. BATCHELDER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 03–3128.**

United States Court of Appeals, Federal Circuit.

Aug. 8, 2003.

Rehearing and Rehearing En Banc Denied Sept. 24, 2003.

PER CURIAM.

Kenneth Batchelder ("Batchelder") appeals the decision of the Merit Systems Protection Board ("Board"), No. DE315H020455–I–1, dismissing his appeal for lack of jurisdiction. For the reasons discussed herein, we *affirm.*

Batchelder was appointed on May 5, 2002, to the position of Applications Adjudicator with the Bureau of Prisons, Department of Justice, and he was removed from that position on September 6, 2002, for alleged poor performance. Batchelder appealed his removal to the Board, but the assigned Administrative Judge dismissed the appeal for lack of jurisdiction because Batchelder was a probationary employee with less than one year of service who could be removed for any reason not related to marital status or partisan politics. *See Batchelder v. Merit Sys. Prot. Bd.,* No. DE315H020455–I–1 (Nov. 1, 2002) ("Initial Decision"). Batchelder petitioned the full Board for review of the Administrative Judge's decision. The Board affirmed, adopting the Initial Decision of the Administrative Judge as its Final Decision. Batchelder now petitions this court for review of the Board's dismissal of his complaint.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We review without deference a decision of the Board to dismiss an appeal for lack of jurisdiction. *King v. Briggs*, 83 F.3d 1384, 1387 (Fed.Cir.1996). Batchelder bears the burden of establishing the Board's jurisdiction, 5 C.F.R. § 1201.56(a)(2)(i), which is defined by statute. *See* 5 U.S.C. § 7701 (2000). In particular, § 7701(a) permits "an employee" to appeal an adverse agency action to the Merit Systems Protection Board. The requirements for qualifying as an employee are defined by 5 U.S.C. § 7511(a)(1) and Batchelder does not dispute that he fails to meet the requirements of this statute. Instead, Batchelder concedes that he is a probationer. As such, he is limited to arguing on appeal that his removal "was based on partisan political reasons or marital status." *See* 5 C.F.R. § 315.804 (Termination of probationers for unsatisfactory performance or conduct), § 315.806 (Appeal rights to the Merit Systems Protection Board). In order to be entitled to a hearing on the issue of jurisdiction, Batchelder must make a facially nonfrivolous allegation that his removal was either for partisan political reasons or based on his marital status. *See Bante v. Merit Sys. Prot. Bd.*, 966 F.2d 647, 649 (Fed.Cir.1992).

With respect to his partisan political views, Batchelder's allegations, to the extent we understand them, are that he was "black balled" by his supervisors because he was known to have "working knowledge of political parties and contacts with the Presidents and qualified for Congressional Liaison GS–09." With respect to his marital status, Batchelder alleges that he was removed because a "straight male of my age and size would not cliche with a supervisory of deviants or fall within the abusive domination submission relations being crafted among the principals of corrupt

covey." Batchelder further alleges that he was removed because of his conservative manner of dressing and because of his "[y]outh and single status and pureness and no children [o]r partners to abuse, subvert or otherwise exploit." These statements are not facially nonfrivolous allegations that Batchelder was removed for partisan political reasons or based on his marital status. The dismissal of Batchelder's complaint for lack of jurisdiction is therefore affirmed.