NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3210

TONY L. HOUSE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Tony L. House, New Boston, Texas, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC.  With her on the brief were B. Chad Bungard, General Counsel, and Calvin Morrow, Acting Assistant General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3210

TONY L. HOUSE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA315H070515-I-1.

_____

DECIDED:   November 7, 2008

_____

Before MAYER, LOURIE, and GAJARSA, Circuit Judges.

PER CURIAM.

Tony L. House seeks review of a final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction.   See House v. Dep't of Defense, No. DA-315H-07-0515-I-1 (M.S.P.B. Jan. 31, 2008).  We affirm.

House was granted a career-conditional appointment to a Mobile Equipment Servicer position at the Defense Distribution Center in Texarkana, Texas.   His appointment was subject to the completion of a one-year probationary period, which began on May 29, 2007.

On July 31, 2007, approximately two months after House's probationary period began, the Department of Defense notified him that he would be terminated for failure to

maintain regular attendance. Soon thereafter, House appealed to the board seeking reinstatement.

An administrative judge dismissed House's appeal for lack of jurisdiction. This decision became the final decision of the board when it denied House's petition for review. See 5 C.F.R. § 1201.113. House then timely appealed to this court.

The board's jurisdiction is limited to those matters specifically entrusted to it by statute, rule, or regulation. See Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008); Todd v. Merit Sys. Prot. Bd., 55 F.3d 1574, 1576 (Fed. Cir. 1995). A probationary employee has very limited appeal rights. Unless he makes non-frivolous allegations that the agency's action resulted from discrimination based upon partisan political reasons or marital status, the board has no authority to consider his appeal. See Bante v. Merit Sys. Prot. Bd., 966 F.2d 647, 649 (Fed. Cir. 1992); Mastriano v. Fed. Aviation Admin., 714 F.2d 1152, 1155 (Fed. Cir. 1983). House, however, made no such allegations.

Under certain circumstances, a probationary employee is granted appeal rights by virtue of his previous federal service. In order to obtain appeal rights, however, an employee is required to establish that he "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A)(ii); see Van Wersch v. Dep't of Health and Human Servs., 197 F.3d 1144, 1147-49 (Fed. Cir. 1999). House fails to establish that he had prior federal civilian service meeting these requirements.