NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHRYN MICHELLE WALKER,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3155

---

Petition for review of the Merit Systems Protection Board in No. PH-315H-12-0281-B-1.

---

Decided: December 9, 2014

---

KATHRYN MICHELLE WALKER, of Middletown, Maryland, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before LOURIE, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Kathryn Walker petitions for review of the final decision of the Merit Systems Protection Board (Board), which dismissed her appeal because it lacked jurisdiction under 5 C.F.R. § 315.806. Because we agree that the Board lacked jurisdiction, we affirm.

BACKGROUND

On March 28, 2011, Ms. Walker began her employment with Army as a Training Technician at the U.S. Armory School, Fort Benning, Georgia. Her appointment was subject to a one-year probationary period. On September 11, 2011, before she completed her one-year probationary period, Ms. Walker was promoted to an Installation Transportation Officer position, located at Fort Detrick, Maryland.

In a letter dated March 9, 2012, Army terminated Ms. Walker's employment. Although the termination letter was dated March 9, 2012, the Defense Finance and Accounting Service (DFAS), Army's pay system, continued to produce earning and leave (E&L) statements for two additional pay periods. Specifically, Ms. Walker received an E&L statement for the pay period ending March 24, 2012, indicating that she was paid for eighty hours of annual leave during the pay period. In addition, Ms. Walker received an E&L statement for the pay period ending April 7, 2012, showing that she was in leave without pay status for the entire pay period.

As of the date on the letter, however, Ms. Walker was approximately two weeks short of completing her one-year initial probationary period. The letter informed Ms. Walker that she had been terminated during her initial probationary period for post-appointment improper conduct and inadequate performance. The letter also notified Ms. Walker that, as a probationary employee, she could appeal the termination to the Board only if she could

make a non-frivolous allegation that her termination was due to discrimination based on marital status or partisan political reasons.

Ms. Walker appealed her termination to the Board. The administrative judge (AJ) subsequently issued an order advising Ms. Walker that, given her probationary status, the Board lacked jurisdiction to hear her appeal, unless she made a non-frivolous claim that her termination was based on partisan political reasons or marital status under 5 C.F.R. § 315.806. The AJ further informed Ms. Walker that she must carry the burden of establishing the Board's jurisdiction.

Later, the AJ dismissed Ms. Walker's appeal for lack of jurisdiction. The AJ found that Army terminated Ms. Walker's employment during her one-year probationary period. In reaching this decision, the AJ rejected Ms. Walker's argument that her employment had continued until April 7, 2012, the date of the final E&L statement. Ms. Walker petitioned the Board for review and the Board remanded the appeal to the AJ for a jurisdictional hearing concerning the effect of the E&L statements and the authority of the deciding official to terminate Ms. Walker.

On remand, the AJ heard testimony from Ms. Walker and three agency employees. First, the Deputy Garrison Commander who signed Ms. Walker's termination letter testified that she had authority to terminate Ms. Walker's employment and that the termination was effective March 9, 2012. Second, the remaining two witnesses established that the post-termination E&L statements did not represent a belated separation, but instead reflected only that DFAS was unaware of the separation until several weeks after Ms. Walker's termination. The unrebutted testimony established that DFAS generates E&L statements based on time cards submitted by Army. After terminating Ms. Walker's employment, Army stopped sending time cards for her. Therefore, according

to DFAS rules, when DFAS stopped receiving time cards for Ms. Walker, it generated E&L statements that indicated that Ms. Walker was in leave status until Army notified DFAS of Ms. Walker's separation. The AJ characterized these E&L statements as merely administrative or clerical in nature and concluded that they did not affect the March 9, 2012, termination date. By crediting Army's witnesses, the AJ dismissed Ms. Walker's appeal because the Board lacked jurisdiction. The Board agreed and denied Ms. Walker's petition for review. Ms. Walker appealed to this Court.

Our review of a decision of the Board is limited. A Board decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005). In this case, we review the question of whether the Board has jurisdiction over an appeal *de novo*. *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed. Cir. 1998).

## DISCUSSION

When reviewing cases involving probationary employees, the Board's jurisdiction is particularly limited. *See Bante v. Merit Sys. Prot. Bd.*, 966 F.2d 647, 649 (Fed. Cir. 1992). The probationary employee bears the burden of proving jurisdiction by a preponderance of the evidence. *Stokes v. Fed. Aviation Admin.*, 761 F.2d 682, 685 (Fed. Cir. 1985) (citing 5 C.F.R. § 1201.56(a)(2)).

Generally, probationary employees in the competitive service who have less than one year of current, continuous service have no statutory right to appeal a termination. *Mastriano v. Fed. Aviation Admin.*, 714 F.2d 1152, 1155 (Fed. Cir. 1983); 5 U.S.C. § 7511(a)(1) (excepting from the definition of "employee" those individuals who have not

yet completed the one-year initial probation period). Under regulations promulgated by the Office of Personnel Management, the Board has jurisdiction over an appeal by a probationary employee only when a non-frivolous allegation is made that either (1) the termination was "based on partisan political reasons or marital status" or (2) the termination was based on pre-employment conditions and the "termination was not effected in accordance with the procedural requirements of [5 C.F.R. § 315.805]." 5 C.F.R. § 315.806(b)–(c). In contrast, if an individual meets the definition of "employee" found in 5 U.S.C. § 7511(a)(1), that employee may appeal a removal from employment to the Board. *McCormick v. Dep't of Air Force*, 307 F.3d 1339, 1340–41 (Fed. Cir. 2002) (citing 5 U.S.C. §§ 7701(a), 7512(1), 7513(d)).

In the present case, Ms. Walker does not assert that jurisdiction is proper under 5 C.F.R. § 315.806. Instead, Ms. Walker argues that her employment was not terminated on March 9, 2012, as the AJ found, but was actually terminated on April 7, 2012, after the completion of her one-year probationary period for her initial appointment. Ms. Walker further argues that she should receive credit for the pay period during which DFAS placed her in annual leave status and for the pay period during which she was placed in leave without pay status. *See* 5 U.S.C. § 6302(d) (explaining that accrued annual leave "may be granted at any time during the year as the head of the agency concerned may prescribe"); 5 C.F.R. § 315.802(c) (providing that "[a]bsence in nonpay status *while on the rolls* . . . is creditable up to a total of 22 workdays." (emphasis added)). Ms. Walker therefore argues that she satisfies the definition of "employee" under § 7511(a)(1), and the Board erred by applying the standard applicable to probationary employees.

Ms. Walker's argument fails, however, because it ignores the testimony that the AJ found credible when concluding that the Board lacked jurisdiction. Namely,

the AJ cited the testimony of the Deputy Garrison Commander as establishing that the Commander had authority to terminate Ms. Walker's employment without higher approval and that the termination was effective on March 9, 2012, the date of the termination letter. At this point, Ms. Walker was no longer "on the rolls," as required by 5 C.F.R. § 315.802(c). In addition, the AJ relied on testimony confirming that the post-termination E&L statements were not evidence that Ms. Walker was still serving as an employee. Rather, the E&L statements indicated only that DFAS had not yet received the separation paperwork. The AJ permissibly credited this testimony and concluded that Ms. Walker's termination date was March 9, 2012, approximately two weeks prior to the end of her one-year probationary period. *See Frey v. Dep't of Labor*, 359 F.3d 1355, 1360–61 (Fed. Cir. 2004) ("The evaluation of witness credibility is a matter within the discretion of the AJ and is virtually unreviewable." (internal quotation marks omitted)). Ms. Walker has proposed no other basis for altering the AJ's conclusion that Ms. Walker was terminated as of March 9, 2012. Because Ms. Walker was still a probationary employee at the time of her termination, she has not carried her burden of establishing the Board's jurisdiction.

## CONCLUSION

Because we agree with the Board that Ms. Walker failed to carry her burden of establishing the Board's jurisdiction over her appeal, we affirm.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.