# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MALIK SHAKUR,
        Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
        Agency.

DOCKET NUMBER
DA-315H-21-0053-I-1

DATE: July 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Malik Shakur, Oklahoma City, Oklahoma, pro se.

Sean Lanagan, Esquire, and Michele S. McNaughton, Esquire, Tinker Air Force Base, Oklahoma, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Because the appellant was serving in a 2-year probationary period and he had completed less than 2 years of current continuous service when he was terminated,[2] the administrative judge properly found that the appellant failed to make a nonfrivolous allegation that he qualifies as an "employee" with appeal rights to the Board under 5 U.S.C. § 7513(b).[3] Initial Appeal File (IAF), Tab 13,

---

[2] Although the administrative judge correctly set forth the dates of the appellant's appointment and termination and the fact that the appointment was subject to a 2-year probationary period, he inadvertently stated that the appellant was terminated before he completed 1 year of service. This minor misstatement provides no basis to disturb the initial decision. ID at 5; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[3] At the time of the appellant's appointment to his competitive-service position in January 2019, an individual appointed to a permanent competitive-service position at the Department of Defense (DOD) was subject to a 2-year probationary period and only qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) and 10 U.S.C. § 1599e (2016) if he was not serving a probationary or trial period under an initial appointment, or if he had completed 2 years of current continuous service under other than a temporary appointment limited to 1 year or less. IAF, Tab 11 at 41; *see Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8. In December 2021, while this appeal was pending on petition for review, Congress repealed 10 U.S.C. § 1599e and the 2-year probationary period for such DOD appointments. *Bryant*, 2022 MSPB 1, ¶ 8. However, this repeal was made effective December 31, 2022, and only applied to individuals

Initial Decision (ID) at 5.  The appellant does not challenge this finding on review and we discern no reason to disturb it.

For the first time on review, the appellant argues that his termination was based on partisan political reasons, marital status, and preappointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805.  Petition for Review (PFR) File Tab 1 at 2-3.  The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  However, the issue of jurisdiction is thus always before the Board and may be raised by either party or by the Board sua sponte at any time during a proceeding.  *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).  For the reasons stated below, we find that the appellant has not made a nonfrivolous allegation of Board jurisdiction under 5 C.F.R. § 315.806.

The appellant does not allege facts which, taken as true, would show that he was treated differently because of his marital status or that go to the essence of his marital status.  *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 9 (2012).  He simply notes that the agency was aware that he was a single parent, PFR File, Tab 1 at 2, and childcare responsibilities per se are not dependent on an individual's marital status and do not go to the essence of marital status.  *Green-Brown v. Department of Defense*, 118 M.S.P.R. 327, ¶ 7 n.2 (2012).

Regarding his claim of partisan political discrimination, an appellant's allegations must consist of more than merely conclusory statements.  *Bante v. Merit Systems Protection Board*, 966 F.2d 647, 649 (Fed. Cir. 1992).  The appointed on or after that date.  10 U.S.C. § 1599e note; *Bryant*, 2022 MSPB 1, ¶ 8.  The repeal of 10 U.S.C. § 1599e does not affect the outcome of this appeal.  Because the appellant was appointed in January 2019, before the effective date of the repeal, the administrative judge properly concluded that the appellant was serving a 2-year probationary period and lacked the required 2 years of current continuous service at the time of his termination, and therefore that he was not an "employee" with adverse action appeal rights under 5 U.S.C. chapter 75.  ID at 4-5; *see Bryant*, 2022 MSPB 1, ¶¶ 8-9.

appellant's generic allegations that a supervisor used politically incorrect language toward him and that racial tension was at an "all time high" on and off the job in 2020, an election year, PFR File, Tab 1 at 2, are not nonfrivolous allegations that his termination was based on his affiliation or adherence to a particular political party.

Finally, the record reflects that the agency terminated the appellant during his probationary period for post-appointment reasons, specifically, violating a workplace rule on cell phone use. IAF, Tab 11 at 21. The appellant was not entitled to the procedural protections under 5 C.F.R. § 315.805 because he did not make a nonfrivolous allegation that he was terminated based in whole or in part on preappointment reasons.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

[4] We have considered the appellant's other arguments, such as that his unrebutted affidavit establishes his case and that the agency improperly served a document, but find that his claims do not demonstrate error in the initial decision. PFR File, Tab 1 at 3-4, Tab 4 at 1. Because the appellant failed to establish Board jurisdiction over his appeal, the merits of the agency's termination action are not before us. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016) (stating that, in an appeal of a probationary termination, the merits of the agency's decision to terminate the probationer are not before the Board). Regarding the agency's service of its response to the petition for review, the agency served the appellant by first-class mail as indicated in the certificate of service. PFR File, Tab 3 at 7, Tab 4 at 1.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.