Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3242

DAVID H. GOSS,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

---

DECIDED:  April 11, 2005

---

Before SCHALL, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

David H. Goss petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his appeal of the action of the Department of the Air Force ("agency") terminating his employment as a probationary employee.  <u>Goss v. Dep't of the Air Force</u>, No. AT-315H-03-0278-I-1 (M.S.P.B. Jan. 20, 2004) ("<u>Final Decision</u>").  We <u>affirm</u>.

DISCUSSION

I.

On March 25, 2002, Mr. Goss received a career-conditional appointment to the position of Electronics Worker, WG-8, at Robins Air Force Base, Georgia. The condition of the appointment was that Mr. Goss successfully complete a one-year period of probation. Mr. Goss did not complete the probationary period, as a result of the agency terminating his employment, effective November 22, 2002, based on a charge that he made inappropriate comments to another employee.

Mr. Goss appealed the agency's action to the Board. In his initial filing, Mr. Goss tried to establish Board jurisdiction by alleging that, based on prior federal employment with the agency, he completed his probationary period of employment on April 25, 2002. Mr. Goss asserted that he had previously received a career-conditional appointment from the agency to the position of Clerk Typist, GS-2, effective June 22, 1976, from which he was terminated on May 6, 1977. He also asserted that the clerk-typist position entailed duties substantially similar to those of the electronics-worker position. Accordingly, Mr. Goss contended that, because he previously served eleven months with the agency as a clerk typist, he completed his probationary period after working one month as an electronics worker.

The administrative judge ("AJ") assigned to the appeal had reservations as to Mr. Goss' jurisdictional argument. Accordingly, on January 15, 2003, he issued an acknowledgment order in which he ordered Mr. Goss to show cause as to why the Board had jurisdiction in the case. Goss v. Dep't of the Air Force, No. AT-315H-03-0278-I-1 (M.S.P.B. Jan. 15, 2004) ("Acknowledgement Order"). The AJ informed Mr.

Goss that, as the petitioner, he bore the burden of establishing jurisdiction. In addition, the AJ informed Mr. Goss of the limited appeal rights of probationary employees. Id. slip op. at 2. In response, Mr. Goss alleged that the Board had jurisdiction because his claim was based on discrimination with respect to his marital status. However, the AJ found that Mr. Goss failed to identify the names of any married or divorced employees that were treated differently than him. The AJ consequently issued another order giving Mr. Goss fifteen days to provide this information. Goss v. Dep't of the Air Force, No. AT-315H-03-0278-I-1 (M.S.P.B. Feb. 3, 2004) ("Order").

On March 20, 2003, the AJ dismissed Mr. Goss' appeal after determining that he had not met his burden of establishing Board jurisdiction. Goss v. Dep't of the Air Force, No. AT-315H-03-0278-I-1, slip op. at 3 (M.S.P.B. Mar. 20, 2003) ("Initial Decision"). First, with respect to Mr. Goss' argument based on prior federal employment, the AJ found that, even if the clerk-typist position was substantially similar to the electronics-worker position, that fact would not establish jurisdiction because prior employment does not count toward an employee's probationary period if the break in employment exceeded thirty calendar days. Id. slip op. at 3 (citing 5 C.F.R. § 315.802). Second, the AJ found that Mr. Goss had failed to make a non-frivolous claim of marital status discrimination. The AJ stated that an employee must allege a difference in treatment between married employees and single employees. Mr. Goss (who is single) did not meet this standard, the AJ concluded, because he failed to identify even one married employee whom the agency treated differently. Id. slip op. at 5.

The AJ's initial decision became the final decision of the Board on January 20, 2004, after the Board denied Mr. Goss' petition for review for failure to meet the criteria

for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review of an appeal from a decision of the Board is limited to whether the Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Carson v. Dep't of Energy, 398 F.3d 1369, 1374 (Fed. Cir. 2005). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Hayes v. United States Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004).

The Board's jurisdiction to review adverse personnel actions taken against probationary government employees is extremely narrow. In fact, there is no statutory basis for jurisdiction. Mastriano v. Fed. Aviation Admin., 714 F.2d 1152, 1155 (Fed. Cir. 1983). The Office of Personnel Management has, however, provided limited appeal rights for probationary employees who allege they were terminated based on (1) partisan political considerations or marital status discrimination, or (2) improper procedures, where the employee was terminated based on conditions arising before his appointment. 5 C.F.R. § 315.806; see also Mastriano, 714 F.2d at 1155. "The probationary employee bears the burden throughout of establishing jurisdiction." Stokes v. Fed. Aviation Admin., 761 F.2d 682, 685 (Fed. Cir. 1985).

III.

For the reasons set forth below, we do not think Mr. Goss has shown that the Board erred in dismissing his case for lack of jurisdiction. We reiterate that, in order to

establish jurisdiction, Mr. Goss, as a probationary employee,[1] had to make a non-frivolous allegation that he was terminated based on partisan political considerations, marital status discrimination, or conditions arising before his appointment. Accordingly, Mr. Goss' arguments relating to his allegedly inappropriate statements are of no relevance to the issue of jurisdiction.

Mr. Goss alleges discrimination based upon marital status. We held in Stokes that a probationary employee "must include in his appeal [to the Board] an allegation of marital discrimination supported by factual assertions indicating that the allegation is not a pro-forma pleading. A merely conclusory pleading is insufficient." 761 F.2d at 686. Mr. Goss contends that he met this standard because, although not by name, he identified "my co-workers" as those who received favorable treatment. In addition, Mr. Goss contends that he was not required to specifically identify the co-workers as "single" or "married." We are not persuaded by this argument. Assuming that Mr. Goss was not required to "one-by-one" identify each of his co-workers by name and marital status, the fact remains that Mr. Goss did not identify even one married co-worker who received favorable treatment. In order to assert a non-frivolous claim an employee must at a minimum make factual allegations that support the elements of the claim. See Hayes, 390 F.3d at 1376 ("The [MSPB] can have jurisdiction if and only if the petitioner makes non-frivolous allegations that satisfy the elements of the claim."). Therefore, in a case of alleged discrimination based on marital status, the employee must present

---

[1] Mr. Goss does not challenge the Board's determination that he could not count his prior federal employment toward his probationary period, and that he thus was a probationary employee.

factual allegations to the effect that other employees were treated differently based on their marital status. Mr. Goss has not done that in this case.[2]

In addition to asserting marital status discrimination, Mr. Goss, for the first time, alleges that his termination was wrong because the agency temporarily moved him from his position as an electronics worker to a clerk typist. Mr. Goss contends this action deprived him of a fair evaluation as an electronics worker. This allegation is also not sufficient to establish jurisdiction because Mr. Goss does not allege that the termination was the result of conditions arising before his appointment, as required by 5 C.F.R. § 315.806. Finally, Mr. Goss alleges that several other personnel actions—such as management's failure to ask him about his allegedly inappropriate statements and newly discovered memoranda written by agency personnel—were discriminatory in nature. However, Mr. Goss has not alleged how these actions amounted to discrimination against him on the basis of marital status or were motivated by partisan political considerations.

In sum, because Mr. Goss failed to make a non-frivolous claim of termination based on marital status discrimination, partisan political considerations, or conditions arising before his appointment, we affirm.

Each party shall bear its own costs.

---

[2] Mr. Goss also contends that Stokes is not applicable to this case. We do not agree. Stokes squarely addresses the standard for establishing Board jurisdiction over a claim based on marital status discrimination.