NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3239

SUSANNA DVORTSIN,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Susanna Dvortsin, of Los Angeles, California, pro se.

Sean M. Dunn, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3239

SUSANNA DVORTSIN,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in SF315H070654-I-1.

_____

DECIDED:  October 10, 2008

_____

Before NEWMAN, PLAGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Susanna Dvortsin petitions for review of the final order of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction.  Dvortsin v. Dep't of Homeland Sec., No. SF-315H-07-0654-I-1 (M.S.P.B. Mar. 20, 2008).  We affirm.

## BACKGROUND

On May 2, 2006, Ms. Dvortsin completed a Questionnaire for National Security Positions, Standard Form 86 ("SF-86") for employment with the Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS" or "agency").

She was hired on June 25, 2006 as an Asylum Officer in the Los Angeles Asylum Office, but, eleven days before her one-year probationary employment period expired, the agency terminated Ms. Dvortsin for failing to provide accurate information on the SF-86 form. The agency listed four reasons for her removal including failure to list her daughter's father Mr. Jaime Arias as an illegal alien, failure to list the psychiatric medication she had been prescribed during the last seven years, failure to list credit information, and failure to list foreign travel information.

Ms. Dvortsin appealed her termination to the Board, arguing she was terminated due to marital status discrimination. She did not dispute her probationary status. The administrative judge ("AJ") held that the termination "had nothing to do with her relationship with Mr. Arias per se, but rather her failure to provide accurate information regarding his immigration status at the time she filled out her employment documents." Dvortsin v. Dep't of Homeland Sec., No. SF-315H-07-0654-I-1 (M.S.P.B. Oct. 19, 2007). Thus, the AJ concluded that Ms. Dvortsin failed to make a nonfrivolous allegation of marital status discrimination and dismissed her appeal. Id.

The Board denied Ms. Dvortsin's petition for full Board review, making the AJ's initial decision the final decision of the Board. Dvortsin v. Dep't of Homeland Sec., No. SF-315H-07-0654-I-1 (M.S.P.B. Mar. 20, 2008). Ms. Dvortsin now petitions this court for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review from a Board appeal is limited. We must affirm the Board's decision unless it was "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c); Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). We review the Board's conclusion concerning its own jurisdiction, however, without deference. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Board's jurisdiction over termination appeals from probationary employees is limited. Probationary employees have no statutory right to appeal a termination. However, the Office of Personnel Management has provided limited appeal rights for probationary employees who allege they were terminated based on (1) marital status discrimination or partisan political considerations or (2) improper procedures, where the employee was terminated based on conditions arising before her appointment. 5 C.F.R. § 315.806(a) and (b). Mastriano v. Fed. Aviation Admin., 714 F.2d 1152, 1155 (Fed. Cir. 1983). "The probationary employee bears the burden throughout of establishing jurisdiction." Stokes v. Fed. Aviation Admin., 761 F.2d 682, 685 (Fed. Cir. 1985).

Ms. Dvortsin does not allege that her termination was due to partisan political reasons, and so relies on marital status discrimination. In order to allege marital status discrimination, Ms. Dvortsin must assert facts, which if proven, demonstrate that unmarried employees were treated differently from married employees. Stokes v. Fed. Aviation Admin., 761 F.2d 682, 685 (Fed. Cir. 1985). In her appeal, Ms. Dvortsin concedes that the only evidence of marital status discrimination comes from the Adjudicative Worksheet filled out as part of a background investigation. There, an investigator recommended Ms. Dvortsin "be removed from her position for falsification [on her SF-86 form] (financial information, mental health treatment, unadmitted foreign

travel). Additionally, the subject's relationship with a foreign national in the U.S. illegally is not consistent with her continued employment with the USCIS." Nothing in the report suggests that Ms. Dvortsin would have been treated differently had she been married to Mr. Arias.

Ms. Dvortsin further argues that her errors on the SF-86 form should be excused because "other employees who had 'acceptable' lifestyles, according to the Agency, had the opportunity to correct the information on their investigative forms." This allegation, even if true, does not show, although perhaps implies, that the "acceptable" lifestyles to which she refers were in fact married employees. Aside from this vague assertion, Ms. Dvortsin asserted no facts suggesting that as an unmarried employee, she was treated differently than married employees. This is the crux of marital status discrimination. She has presented no evidence to suggest that other employees were not terminated despite a failure to disclose their <u>marital</u> spouse's illegal alien status. <u>Goss v. Dep't of the Air Force</u>, 131 Fed. Appx. 721, 724 (Fed. Cir. 2005). Instead, Ms. Dvortsin's assertions suggest, at most, that she was treated differently based on Mr. Arias's status as an illegal alien. That other agency employees' spouses were foreign born, without more, is of no merit to her allegations. Accordingly, Ms. Dvortsin failed to allege discrimination based on marital status.

We also need to consider whether proper termination procedures were followed. 5 C.F.R. § 315.805. ("[W]hen an agency proposes to terminate an employee serving a probationary or trial period for reasons based in whole or in part on conditions arising before his appointment, the employee is entitled to the following [procedures . . .] ."). However, the record shows that the agency followed the proper procedure. The agency

provided notice of its intentions to terminate Ms. Dvortsin on May 18, 2007, the local union filed a thorough written answer on May 25, 2007 as her representative, and Ms. Dvortsin was provided notice of the decision on June 12, 2007. Therefore, to the extent Ms. Dvortsin was terminated due to the pre-existing condition of her relationship with Mr. Arias, no procedural error was committed.

Ms. Dvortsin's allegations of improper termination do not support the marital status discrimination required to establish the Board's jurisdiction.

## CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal.

No costs.