NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3185

DONNA MILLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:   December 6, 2006

_____

Before GAJARSA, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

The petitioner, Donna Miller, seeks review of a final decision of the Merit Systems Protection Board ("Board") that dismissed, for lack of jurisdiction, her petition for appeal regarding termination from her career-conditional appointment with the Natural Resources Conservation Service.  <u>Miller v. Dep't of Agric.</u>, No. AT-0353-06-0028-I-1 (M.S.P.B. Nov. 28, 2005) ("<u>Initial Decision</u>").  The Initial Decision became final when the Board declined to review it.  <u>Miller v. Dep't of Agric.</u>, No. AT-0353-06-0028-I-1

(M.S.P.B. Feb. 24, 2006) ("<u>Final Order</u>").  We have considered Ms. Miller's claims and find them without merit.  We therefore <u>affirm</u> the dismissal by the Board for lack of jurisdiction.

BACKGROUND

The petitioner, Donna Miller, was given a career-conditional appointment with the Natural Resources Conservation Service ("Agency") as an office automation clerk.  The appointment was subject to completion of a one year probationary period.  Before the completion of the one year probationary period, the Agency decided to terminate Ms. Miller's appointment.  The termination was based on Ms. Miller's absences from work and failure to accept her supervisor's directives.

Ms. Miller originally appealed the Agency decision to the Equal Employment Opportunity Commission ("EEOC").  Ms. Miller alleged the Agency violated her human rights, improperly retaliated against her, and violated public policy.  The EEOC decision was unfavorable and Ms. Miller appealed to the Board alleging several errors by the EEOC.  She argued that the EEOC misinterpreted the Rehabilitation Act, misapplied Tennessee statutes concerning communication with state officials, and failed to take account of witness testimony.  The administrative law judge ("ALJ") at the Board treated the filing as a challenge to the Agency's failure to select and/or reinstate her.  The ALJ issued an acknowledgment order advising Ms. Miller that the Board lacked jurisdiction over a non-selection and that the Board also lacked jurisdiction over a denial of reinstatement absent a non-frivolous claim.  The acknowledgement order further advised Ms. Miller to demonstrate that her petition was within the Board's jurisdiction.  Ms. Miller failed to respond to the acknowledgment order.  The ALJ then dismissed for

lack of jurisdiction because Ms. Miller was terminated during her probationary period with the Agency. Initial Decision at 2. After the Board denied Ms. Miller's petition for review, she appealed to this court. Final Order at 2. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Whether the Board has jurisdiction to hear a claim is a question of law that this court reviews de novo. Vesser v. Office of Personal Mgmt., 29 F.3d 600, 602 (Fed. Cir. 1994). The petitioner must prove jurisdiction by a preponderance of the evidence. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1338 (Fed. Cir. 2006) (en banc). We have stated that: "The jurisdiction of the Board is limited to those matters specifically delineated by Congress or granted to it by way of regulatory authority exercised by the OPM." Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985).

On appeal to this court, Ms. Miller contends the Board failed to properly apply the Rehabilitation Act, failed to consider her retaliation claim, did not apply Tennessee statutes correctly, and did not acknowledge witness testimony. None of these allegations establish jurisdiction.

The Board has jurisdiction of only those actions made appealable by statute or regulation. 5 U.S.C. §§ 7512, 7513, 7701(a) (2006). Removal or termination of employment "is an appealable action where the individual qualifies as an 'employee' at the time of her removal by the agency." McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1341 (Fed. Cir. 2002). The term "employee" is defined by 5 U.S.C. § 7511(a), which provides:

(1) "employee" means--
    (A) an individual in the competitive service--

(i) who is <u>not serving a probationary or trial period</u> under an initial appointment; or
(ii) who has <u>completed 1 year of current continuous service</u> under other than a temporary appointment limited to 1 year or less;

5 U.S.C. § 7511(a) (emphasis added).  Ms. Miller's career-conditional appointment was subject to completion of a one year probationary period.  She did not complete the one year probationary period.  Therefore, she does not qualify as an "employee" and is excluded from the statutory appeals process under 5 U.S.C. §§ 7511-14.  <u>Stokes v. Fed. Aviation Admin.</u>, 761 F.2d 682, 684 (Fed. Cir. 1985).

We have stated, however, that under 5 C.F.R. § 315.806(b), the Board will "consider appeals from agency actions adverse to probationary employees when those employees allege that those actions were the result of partisan political or marital status discrimination."  <u>Id.</u> at 684-85.  Since Ms. Miller has not alleged that the Agency's action was based on either partisan political or marital status reasons, the Board properly dismissed her case for lack of jurisdiction.

Additionally, Ms. Miller's retaliation and Rehabilitation Act claims do not confer Board jurisdiction absent an allegation of marital status or partisan political discrimination.  <u>See, e.g.</u>, <u>Cruz v. Dep't of the Navy</u>, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc) (holding discrimination allegations do not confer Board jurisdiction absent an action that is otherwise appealable to the Board); <u>Lizewski v. Dep't of the Army</u>, 15 M.S.P.R. 417, 419 (1983) (holding the Board lacked jurisdiction to decide whether  probationer's termination constituted physical handicap discrimination because there was no alleged marital status or partisan political discrimination).  Also, Ms. Miller

has not pointed to any statute or regulation that establishes Board jurisdiction to decide claims based on Tennessee state law.

Finally, the Board must provide notice to the appellant of her burden to demonstrate jurisdiction. Burgess v. Merit Sys. Prot. Bd., 758 F.2d 641, 643-44 (Fed. Cir. 1985). The Board has held that failure to inform an appellant of her jurisdictional burden is "magnified" if she is pro se. Yost v. Dep't of Health & Human Serv., 85 M.S.P.R. 273, 277 (2000). Thus, to fulfill the notice requirement, a pro se probationary employee must be notified that 1) she must make a non-frivolous allegation of partisan political or martial status discrimination, and that 2) she has the burden of providing factual evidence to support her entitlement to a hearing. See Burgess, 758 F.2d at 643-44 (holding that appellant must be notified of what is required to establish an appealable jurisdictional issue and that appellant must produce factual evidence to support her entitlement to a hearing); Johns v. Dep't of Veteran's Affairs, 83 M.S.P.R. 345, 348-49 (1999).

In this case, the Agency's motion to dismiss and attached removal notice gave sufficient notice to Ms. Miller of the first requirement – that she must allege partisan political or martial status discrimination. See Johns, 83 M.S.P.R. at 348 ("An AJ's failure to properly inform an appellant of the Board's jurisdictional requirements may not be prejudicial where the appellant is put on notice by the Agency's motion to dismiss of what he has to allege to establish jurisdiction."). The motion to dismiss, however, failed to give notice of the second requirement – her burden to come forward with evidence. This failure was harmless because Ms. Miller could not have made a claim that invoked the Board's jurisdiction. As discussed above, Ms. Miller did not present a claim that

invokes the Board jurisdiction.  Moreover, there is no basis in the record that Ms. Miller could establish a partisan political or martial status discrimination claim.

## CONCLUSION

For the foregoing reasons, the Board properly dismissed Ms. Miller's appeal for lack of jurisdiction.  We affirm the judgment of the Board.

No costs.