# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEANETTE USTARIZ,
    Appellant,

  v.

DEPARTMENT OF THE TREASURY,
    Agency.

DOCKET NUMBER
AT-315H-17-0316-I-1

DATE: June 9, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeanette Ustariz</u>, Orange Park, Florida, pro se.

<u>Andrew M. Greene</u>, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to accept the agency's untimely filed "Response to Jurisdiction Order and Motion to Dismiss for Lack of Jurisdiction" into the record below, we AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant, a competitive-service appointee, appealed her termination during her probationary period to the Board and requested a hearing.  Initial Appeal File (IAF), Tab 1.  In an order on jurisdiction, the administrative judge notified her of the applicable law and her burden of proof to establish the Board's jurisdiction over her appeal as a probationary employee in the competitive service.  IAF, Tab 3.  The administrative judge directed the appellant to respond within 15 days of the order and allowed the agency an opportunity to respond before the close of the record on April 3, 2017.  *Id.* at 4-5.  The appellant did not respond.  On April 4, 2017—1 day after the close of the record—the agency submitted its response to the order on jurisdiction and moved to dismiss the appeal for lack of jurisdiction.[2]  IAF, Tab 4.  Later that same day, the

---

[2] The agency did not submit the agency file pursuant to the administrative judge's acknowledgment order.  IAF, Tab 2 at 6-7; *see* 5 C.F.R. § 1201.25.  However, its untimely filed response to the jurisdictional order contains the Standard Form (SF) 50s

administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 5, Initial Decision (ID).[3]

¶3    The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4.[4]

---

documenting the appellant's appointment and termination and the termination letter. IAF, Tab 4 at 6-11.

[3] In the initial decision, the administrative judge stated that he had not considered the agency's untimely filed jurisdictional response and motion to dismiss. ID at 4. However, he cited the agency's termination letter in the initial decision, which is not produced in any other submission below. ID at 2; IAF, Tab 4 at 8-10. Although the administrative judge appeared to consider the agency's submission without affording the appellant an opportunity to respond to it, the appellant was not harmed by any adjudicatory error in this regard because she has had the opportunity to address the agency's evidence and argument on review. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). In any event, under the unique circumstances of this case, wherein the agency's untimely filed submission contains the only copies of the relevant documents in the record below and the administrative judge already relied on it, and because it was only untimely filed by 1 day, we find it appropriate to accept the submission into the record below. *See Ackerly v. Department of Transportation*, 16 M.S.P.R. 78, 82 (1983) (finding no basis to disturb the presiding official's acceptance of the agency's brief mailed 1 day after the close of the record absent any showing of prejudice to the appellant or unfair advantage to the agency); 5 C.F.R. § 1201.12. Accordingly, we modify the initial decision to accept the agency's untimely filed "Response to Jurisdiction Order and Motion to Dismiss for Lack of Jurisdiction" into the record below. IAF, Tab 4.

[4] On review, the agency has again submitted the appointment and termination SF-50s and termination letter. PFR File, Tab 3 at 4-9. In addition, the appellant has submitted, for the first time on review, a Designation of Beneficiary form dated October 14, 2016. PFR File, Tab 4 at 5. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because we have accepted the documents submitted by the agency into the record below, we need not address whether it is appropriate to consider these documents submitted for the first time on review. *See id.* We do not consider the appellant's Designation of Beneficiary form submitted for the first time on review because she has not alleged, nor do we

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge her removal from Federal service by filing an appeal with the Board.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).  To qualify as an "employee" with appeal rights under chapter 75, an individual in the competitive service, like the appellant, must show that she either is not serving a probationary period or has completed 1 year of current continuous service under an appointment other than a temporary one limited to a year or less.   5 U.S.C. § 7511(a)(1)(A); *see McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002); *Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 5 (2008).

¶5      Here, the administrative judge found that the appellant failed to nonfrivolously allege that she was an employee with a statutory right to appeal her termination to the Board because she acknowledged that she was serving a probationary period at the time of her termination and did not allege that she had 1 year of current continuous service.  ID at 3.  The appellant has not challenged this finding on review.  PFR File, Tabs 1, 4.  We have reviewed the record and agree that the appellant has not nonfrivolously alleged that she met the definition of an "employee" under chapter 75 when, on February 24, 2017, the agency terminated her from her competitive-service position during her probationary period—approximately 4 months after her October 17, 2016 appointment.  IAF, Tab 4 at 7-11.

¶6      A probationary employee in the competitive service who does not have a statutory right of appeal may nonetheless have a regulatory right of appeal to the

discern any basis to find, that it was unavailable before the record closed below despite her due diligence.  *See id.*

Board if she makes a nonfrivolous allegation that the agency terminated her because of discrimination based on marital status or for partisan political reasons, or because of conditions arising before appointment to the position in question. *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005); 5 C.F.R. §§ 315.805-.806. The administrative judge found that the appellant failed to nonfrivolously allege that she had a regulatory right to appeal her termination. ID at 4. On review, the appellant does not challenge the administrative judge's findings that her termination was not based on partisan political reasons or preappointment conditions, PFR File, Tabs 1, 4, and we discern no basis to disturb these findings. For the first time on review, however, she argues that the agency terminated her on the basis of marital status discrimination. PFR File, Tab 1 at 6.

¶7        The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant did not allege marital status discrimination in her initial appeal to the Board. IAF, Tab 1. In addition, as noted above, she failed to respond to the administrative judge's order on jurisdiction, which explicitly informed her that she could establish Board jurisdiction by nonfrivolously alleging that her termination was based on marital status discrimination. IAF, Tab 3 at 2. On review, the appellant does not allege that she was unable to raise this argument below and does not provide any explanation for her failure to do so. PFR File, Tabs 1, 4. Rather, she alleges that the incident giving rise to her claim occurred in October 2016—well before the April 3, 2017 close of the record below. PFR File, Tab 1 at 4; IAF,

Tab 3 at 4-5. Under these circumstances, we decline to consider the appellant's marital status discrimination claim for the first time on review.[5]

¶8    The appellant also argues on review, as she did below, that the agency discriminated against her on the basis of age. PFR File, Tab 1 at 4. As the administrative judge correctly determined, however, the Board lacks jurisdiction over the allegations of age discrimination absent an otherwise appealable action. ID at 4; *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Similarly, even if we were to consider her other argument, raised for the first time on review, that the agency discriminated against her on the basis of her national origin, the Board lacks jurisdiction over such a claim absent an otherwise appealable action. *See Wren*, 2 M.S.P.R. at 2; *Banks*, 4 M.S.P.R. at 271; PFR File, Tab 1 at 5.

¶9    In light of the foregoing, we find that the administrative judge correctly dismissed the appellant's termination appeal for lack of jurisdiction.

---

[5] Even if we were to consider the appellant's claim of marital status discrimination for the first time on review, we would find that she failed to raise a nonfrivolous allegation. To make a nonfrivolous allegation of marital status discrimination, an appellant "may allege facts to show that she was treated differently because of her marital status or that go to the essence of her status as a married, single or divorced person." *Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010). Her allegations must be more than "mere conjecture," and she must provide supporting facts to show the allegations are not merely pro forma. *Id.* Merely conclusory pleadings are insufficient. *Stokes v. Federal Aviation Administration*, 761 F.2d 682, 686 (Fed. Cir. 1985). Here, the appellant alleges that, during a training class in late October 2016, the Acting Manager displayed her Designation of Beneficiary form on the wall in front of the entire class, which named her sister as her sole beneficiary. PFR File, Tab 1 at 4. According to the appellant, because the Designation of Beneficiary form named her sister as her sole beneficiary, it was "made obvious that [she] was either single or divorced." *Id.* The appellant's allegation that the Acting Manager became aware that she was single or divorced in October 2016 is insufficient to constitute a nonfrivolous allegation that another agency official imposed her termination 4 months later on the basis of marital status discrimination. *See Smirne*, 115 M.S.P.R. 51, ¶ 8.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.