Ted A. **LIPNIARSKI,** Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3265.

United States Court of Appeals, Federal Circuit.

Dec. 5, 2001.

Before MAYER, Chief Judge, LOURIE and SCHALL, Circuit Judges.

DECISION

PER CURIAM.

Ted A. Lipniarski appeals from the final decision of the Merit Systems Protection Board dismissing his claim that he was improperly removed from employment by the United States Immigration and Natu-

ralization Service ("INS") for lack of jurisdiction. *Lipniarski v. MSPB*, 90 M.S.P.R. 27 (2001) (final order). Because the Board properly dismissed his appeal for lack of jurisdiction, we *affirm*.

## DISCUSSION

On March 26, 2000, the INS appointed Mr. Lipniarski to a career-conditional GS–7 District Adjudication Officer ("DAO") position in the INS's Miami, Florida office. *Lipniarski v. MSPB*, No. AT–315H–01–0154–I–1, slip op. at 1 (MSPB Feb. 21, 2001) (initial decision) (*"Lipniarski I "*). On May 9, 2000, Lipniarski took a leave of absence to attend to his father-in-law's medical needs. *Id.* at 3. After exhausting all of his annual and sick leave, he requested and was granted Leave Without Pay ("LWOP") under the Family Medical Leave Act of 1993, Pub.L. 103–3, 107 Stat. 6 (codified in scattered sections of 5 U.S.C. and 29 U.S.C.). *Id.* On August 11, 2000, the INS extended Lipniarski's LWOP until August 28, 2000, at which time he was to report for duty. *Id.* According to the record, he did not return. *Id.* On September 11, 2000, Lipniarski was ordered to report for duty on September 18, 2000, but again he failed to return to work. *Id.* at 3–4. Thereafter, the INS terminated Lipniarski effective November 17, 2000, for absence without leave and failure to report for duty. *Id.* at 1.

Lipniarski initiated the present appeal to the Board alleging that his removal was improper. *Id.* The Administrative Judge ("AJ") assigned to the case ordered Lipniarski to submit evidence and argument to prove that the Board had jurisdiction over his appeal. *Lipniarski v. MSPB*, No. AT–315H–01–0154–I–1 (MSPB Nov. 24, 2000) (acknowledgment order). Lipniarski argued that the Board had jurisdiction over

his appeal because he was not a probationary employee, and that in any event he was removed from employment on the basis of his marital status. *Lipniarski I* at 4. After receiving Lipniarski's response, the AJ dismissed his claim for lack of jurisdiction because the evidence established that Lipniarski was in fact a probationary employee at the time of his termination, and because he failed to make a nonfrivolous allegation of marital status discrimination. *Id.* at 5. The full Board denied his petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b) (2001). Lipniarski timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

■ The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). The Board's jurisdiction is limited to those actions specifically enumerated by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); 5 C.F.R. § 1201.3(a) (2001). The scope of the Board's jurisdiction is a question of law that we review *de novo. Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed.Cir.1998). Lipniarski has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal. *See* 5 C.F.R. § 1201.56(a)(2) (2001).

On appeal, Lipniarski argues that his appointment was not subject to any probationary period, and that even if his employment was subject to a probationary period,

the time he spent in a previous position in the INS satisfied any obligation he may have had. Finally, Lipniarski argues that, in any event, his removal was improperly predicated on his marital status, thus providing jurisdiction for his appeal even as a probationary employee.

■ We agree with the Board that it lacked jurisdiction to hear Lipniarski's appeal. The Board's jurisdiction to hear an employee's appeal of a removal is circumscribed by statute. *See* 5 U.S.C. §§ 7511–7514, 4301–4305. Excluded from the Board's jurisdiction are appeals concerning "the reduction in grade or removal of an employee ... who is serving a probationary or trial period ...." 5 U.S.C. § 4303(f)(2) (2000). The Standard Form 50–B documenting Lipniarski's appointment expressly states that the "appointment is subject to completion of [a] one year probationary period beginning 03/26/00." The Standard Form 50–B also indicates that Lipniarski was mailed a copy of that document on July 3, 2000. We therefore conclude that the Board did not err in finding that Lipniarski was a probationary employee, and consequently that he had no statutory right of appeal until he completed the one-year probationary period.

■ Lipniarski argues that his prior service in the INS satisfied this probationary requirement. However, prior federal service may be counted toward completion of an employee's probationary period only if, *inter alia*, the service "contains or is followed by no more than a single break in service that does not exceed 30 calendar days." 5 C.F.R. § 315.802 (2001). Lipniarski indicated in his appeal form at the Board that prior to his appointment by the INS in March 2000, he was employed by the INS for roughly three years from 1995 to 1998. His break in service of more than thirty days prior to his appointment therefore precludes his prior service from being counted toward the probationary period. Accordingly, we conclude that the Board did not err in determining that Lipniarski had no statutory right to appeal his removal.

■ However, the Office of Personnel Management has, by regulation, created limited rights of appeal for probationary employees. Such an employee may appeal a termination on the ground that, *inter alia*, it was allegedly based on marital status. 5 C.F.R. § 315.805 (2001). An employee alleging marital status discrimination must demonstrate a difference in treatment between married and single employees. *Stokes v. Fed. Aviation Admin.*, 761 F.2d 682, 685 (Fed.Cir.1985). In the present appeal, Lipniarski essentially alleges that had he not been married, he would not have been called away to assist his wife with her father's illness, and thus the INS would not have terminated him. Such an assertion fails to set forth a nonfrivolous allegation of marital status discrimination. Although we fully comprehend and respect the familial responsibilities that flow from the commitment of marriage, such responsibilities do not excuse married employees from having to comply with orders to report for duty any more than they excuse similarly situated single employees having comparable family obligations. Because Lipniarski failed to present any evidence that the INS allowed single employees to take lengthy leaves of absence or fail to report for duty on account of family obligations, we conclude that the Board correctly found that he failed to set forth a nonfrivolous allegation of marital status discrimi-

nation, and that the Board therefore lacked jurisdiction to hear his appeal. Accordingly, the Board did not err in dismissing his appeal for lack of jurisdiction.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.