## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW PAUL STEBLEIN,
   Appellant,

  v.

DEPARTMENT OF THE NAVY,
   Agency.

DOCKET NUMBER
PH-315H-22-0093-I-1

DATE: March 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew Paul Steblein</u>, Philadelphia, Pennsylvania, pro se.

<u>Jon D. Pavlovcak</u> and <u>Kimberly M. Engel</u>, Philadelphia, Pennsylvania, for
 the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Because the appellant was serving in a 2-year probationary period and he had completed less than 2 years of current continuous service when he was terminated, the administrative judge properly found that the appellant failed to make a nonfrivolous allegation that he qualifies as an "employee" with appeal rights to the Board under 5 U.S.C. § 7511, as amended by 10 U.S.C. § 1599e. Initial Appeal File (IAF), Tab 9, Initial Decision at 4. The appellant does not challenge this finding on review and we discern no reason to disturb it.

For the first time on review, the appellant argues that his termination was based on marital status discrimination. Petition for Review (PFR) File Tab 1 at 4. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). However, the issue of jurisdiction is always before the Board and may be raised by either party or by the Board sua sponte at any time during a proceeding. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010). For the reasons stated below, we find that the appellant has not made a nonfrivolous allegation of Board jurisdiction under 5 C.F.R. § 315.806.

To make a nonfrivolous allegation of marital status discrimination, an appellant must allege facts which, taken as true, would show that he was treated differently because of his marital status or facts that go to the essence of his status as married, single, or divorced. *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 9 (2012). An appellant's allegations regarding marital status discrimination must be "more than mere conjecture." *Ellis v. Department of the Treasury*, 81 M.S.P.R. 6, ¶ 13 (1999); *see Stokes v. Federal Aviation Administration*, 761 F.2d 682, 686 (Fed. Cir. 1985) (stating that to establish Board jurisdiction an appellant must make more than a pro forma pleading that is merely conclusory). Here, the termination notice shows that the agency terminated the appellant during his probationary period for getting into an altercation with another coworker. IAF, Tab 7 at 4. The appellant alleges that the agency also wanted to terminate him because he had "court ordered obligations to [his] son, which conflicts with the 24/7 shift schedule" and that he made the agency aware of his child custody situation prior to being hired. PFR File, Tab 1 at 4. The Board has held that childcare responsibilities per se are not dependent on an individual's marital status and do not go to the essence of marital status. *Green–Brown v. Department of Defense*, 118 M.S.P.R. 327, ¶ 7 n.2 (2012). The appellant has not alleged facts which, taken as true, would show that he was treated differently because of his marital status or that go to the essence of his marital status. For instance, he has not alleged that the agency would have treated a married employee more favorably under the same or similar circumstances, or that the agency otherwise exhibited a keen interest in his marital status. *See, e.g.*, *Lipniarski v. Merit Systems Protection Board*, 26 F. App'x 919, 922-23 (Fed. Cir. 2001)[2] (finding that a probationary employee failed to nonfrivolously allege marital status discrimination because he did not present any evidence that the agency treated single employees more favorably

[2] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

than married employees regarding extended leave for family obligations); *Marynowski*, 118 M.S.P.R. 321, ¶ 9 (finding that a probationary employee nonfrivolously alleged marital status discrimination because she alleged that the individual who recommended her termination took a keen interest in her marital status). Thus, we believe the appellant has not made a nonfrivolous allegation of marital status discrimination.

Lastly, on review, the appellant argues the merits of his termination. PFR File, Tab 1 at 5-6. Because the Board lacks jurisdiction over this appeal, it cannot consider the appellant's arguments regarding the merits of his termination. *Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980). Therefore, we find that the administrative judge properly determined that the appellant has not made a nonfrivolous allegation of Board jurisdiction.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] On review, the appellant submitted a page from the MSPB website and re-submitted the first page of her termination notice that was already part of the record below. *E.g., compare* IAF, Tab 7 at 4, *with* PFR File, Tab 1 at 6-7. They are only being considered here to the extent they impact the issues on review.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board
Washington, D.C.